## Carl Schoenberg v. Edward W. Voigt.

*Father and son: Services of minor son: Quantum meruit: Character of the service: Embezzlement.* In an action by a father to recover on the common counts for services of his minor son in peddling beer, it appearing that the son undertook to answer for any beer he should carry out and for which he should fail to bring back beer tickets or cash, it was competent for the defense to show that the son proved dishonest and embezzled from defendant more than the amount of his unpaid wages.

*Evidence: Father and son: Emancipation.* It being urged as a defense that the son was emancipated by the father before he engaged with defendant, the exclusion of an inquiry as to whether the son did not ask and obtain permission of his father when he went into service of another person named, will not be held error, where the record does not disclose at what time such other service was entered into, or how long prior to the engagement with defendant; emancipation may take place suddenly and by express arrangement, or it may occur gradually and by conduct implying mutual assent, and even in the latter case it may be brought about in a short time.

*Charge to the jury: Requests to charge: Father and son.* A request to charge calling for an imperative and unqualified charge, that the father is entitled to the earnings and wages of his minor son, is clearly improper, and its rejection is not error.

*Requests to charge.*   A request to charge, which implied a claim by the opposite party which had not in fact been made by him, is held erroneous, and properly refused.

*Requests to charge: Obscurity.*   The rejection of a request to charge that is so obscure as not readily to have been understood by the jury, is not error.

*Requests to charge: Propositions of fact: Irrelevant subjects.*   The rejection of requests to charge which simply embody propositions of fact, and convey no instruction in point of law, or which are not applicable to the case, is not error.

*Submitted on briefs April 11.   Decided April 18.*

Case made from Wayne Circuit.

*Bloom & Bloom,* for plaintiff.

*Griffin & Dickinson,* for defendant.

GRAVES, J:

The plaintiff sued on the common counts to recover for services of his minor son.   The jury found for defendant, and plaintiff asks a review of certain questions on a case made.

The young man's service was peddling beer.

There was evidence tending to show he had been emancipated by plaintiff, and that on engaging with defendant he agreed to answer for any beer he should carry out and for which he should fail to bring back beer tickets or cash, and that he proved untrustworthy and knavish, and embezzled an amount exceeding all unpaid wages.

Some objections of plaintiff's counsel appear which proceed upon the idea that the investigation into the dishonest and criminal conduct of young Schoenberg was for the purpose of setting off the damages caused by his wrong, against the claim made for his wages.   The record is not so understood.   The purpose of the proof was not, it is supposed, to make out set-off, but to prove the circumstances of the service, and show that it was not merely worthless, but positively injurious to a large amount.   And this was lawful.   The action was for what the identical service of

the young man ,was fairly and reasonably worth, and the investigation of that subject necessarily included an inquiry into his behavior and fidelity.

The plaintiff, testifying in his own behalf, stated that his son was born November 9th, 1854, and from the fall of 1874 to the month of May following carried on the wood business with him, but in February afterwards engaged with defendant.

He then, in answer to his counsel, stated further that the young man worked for Captain Ralph a little over a year. His counsel then inquired who gave the son permission to work for Captain Ralph, and the court, on objection, overruled the question.   It is argued that the question was a proper one to elicit an answer bearing on the claim that the son was emancipated when he entered defendant's service. There would be force in this if it appeared in any way that the service or going into service for Captain Ralph was not so early as to be too remote in point of time.   If on the occasion of the hiring to Captain Ralph the plaintiff's consent was sought, it went to show that emancipation had not then occurred, but it could not weigh in regard to the situation at a considerably later date.

The fact of emancipation may take place suddenly and by express arrangement, or it may occur gradually and by conduct implying that the parent and child have mutually assented to the child's release from parental authority.   And in either case the change may be wrought in a short time. Now the record fails to show at what time the young man went into Ralph's service, and therefore the excluded question does not appear to have been material.   It does not appear that what was called for by it could have borne on the young man's *status* when he went into defendant's service.

Numerous instructions were prayed.   All requested by defendant, except the sixth and ninth, were given.   Of the plaintiff's requests, the second, third, and fourth were given in terms, the first, fifth, and sixth with remarks, and the seventh, eighth, ninth and tenth were denied.

Plaintiff's first request called for an imperative and unqualified charge that the father is entitled to the earnings and wages of his minor son. This was plainly improper. Instructions upon the point were given under requests made by defendant. The fifth request of plaintiff implied a claim on the part of defendant which had not been made. The remarks of the court on refusing the request were not objectionable. The sixth request was very obscure and the jury could hardly have understood it if it had been given. The observations of the court were not improper. The seventh request simply embodied certain propositions of fact and conveyed no instruction in point of law. And the other requests which were refused, were not applicable. The charge given is exposed to some criticism, but in the main it is substantially correct, and a careful inspection of the whole case leads to the opinion that the jury were not misled, but on the contrary, were brought to a right conclusion.

As no error is discovered of which the plaintiff is entitled to complain, the judgment should be affirmed, with costs.

The other Justices concurred.