63 375
91 306

CHESTER BELL v. MARY ANN BUMPUS.

*Manumission of minor—Special verdict of jury.*

In a suit by a father to recover wages due a deceased daughter, the jury rendered a *special* verdict showing such wages amounted to $195, of which $122 was paid her before becoming of age, leaving a balance of $73 her due. In answer to a special question, the jury found that there was a contract between the father and the defendant with relation to the daughter's wages, but this finding was opposed to the *uncontradicted* testimony of the father, and it clearly appeared that the daughter had been manumitted. She died *intestate,* and no administration had been taken on her estate.

*Held,* that the *special* verdict was consistent with the fact that the daughter was entitled to receive her wages, and that, if anything was due her at time of her death, it could not be recovered in such action.

Error to Wayne. (Chambers, J.) Argued October 6, 1886. Decided October 28, 1886.

Assumpsit. Defendant brings error. Reversed. The facts are stated in the opinion.

*Samuel W. Burroughs,* for appellant.

*Hamilton Baluss,* for plaintiff.

CHAMPLIN, J. This action was brought before a justice of the peace, where the plaintiff filed a written declaration as follows:

"Plaintiff in this cause declares against the defendant, in an action of assumpsit, for work and labor performed by Martha J. Bell, a daughter of the plaintiff, who is now dead,

and leaving no last will and testament, and said work and labor was for the defendant, at her special request, to the damage of the plaintiff of $300."

The defendant pleaded the general issue, and gave notice of set-off and payment.

At the trial in the circuit court, to which the case was appealed, the plaintiff was introduced as a witness in his own behalf, and was sworn; but, before any testimony was given, the defendant's attorney objected to the introduction of any testimony, for the reason that the declaration shows upon its face that the plaintiff had no right of action. The objection was overruled, and the plaintiff testified that Martha Bell was his daughter, and that she died in August, 1884, and would have been twenty-two years of age in the following September; that she went to work for defendant when she was seventeen years of age, and worked there until the time of her death; that he did not know or understand what wages Martha was to get for her work there, and that he never had any agreement with defendant, or gave any instructions, as to whom the defendant should pay for the girl's work. During the time Martha worked for defendant, plaintiff visited her two or three times, to see how she was getting along, but made no request for wages, nor any contract with reference to her staying there.

Mrs. Bell, the wife of plaintiff, testified that it was the intention of the plaintiff and herself, when Martha went to defendant's to work, to let her have her wages. ·

No demand was ever made for her wages, and the evidence is quite conclusive that plaintiff manumitted Martha, and that she alone, and not the parent, was entitled to her wages.

The jury found specially, in answer to questions put by defendant's counsel:

1. That defendant had paid to Martha Bell, up to the time she became of age, $122.

2. That there was a contract between plaintiff and defendant with relation to Martha Bell's wages.

3. That plaintiff never personally inquired of defendant how much defendant was paying Martha Bell.

4. That 'plaintiff never objected to defendant's paying Martha Bell her wages before she became twenty-one years of age.

Defendant's counsel contends that the second special finding is contrary to, and not supported by, the evidence. The testimony is all returned in the bill of exceptions, and we think the point well taken. The testimony of Mrs. Bell· is clear that they did intend that Martha should have the wages she earned while working for defendant, and the plaintiff testifies positively that there was no agreement between him and defendant as to whom she should pay for the girl's work. This is conclusive on the plaintiff, and there was no evidence in the case showing a contract between the plaintiff and defendant in relation to Martha Bell's wages. The jury, moreover, found and returned a special verdict as follows:

" We find, for Martha Bell, that she worked for the defendant, before she was of age, 130 weeks, at $1.50 per week, making $195, from which we deduct the amount of $122, which the defendant paid to Martha Bell before she became of age, leaving a balance due Martha Bell of $73."

This finding is consistent with the fact that Martha Bell was manumitted and entitled to receive her wages, and inconsistent with the theory that such wages belonged to plaintiff. The declaration makes a claim for the wages as belonging to Martha Bell. It alleges that she left no last will and testament. We are satisfied from this record that the wages earned by Martha Bell belonged to her, both before and after she arrived at the age of twenty-one. Whether anything was due to her at the time of her death we do not determine. If there remained anything due to her at the time of her death, it cannot be recovered in this action. She left no will, and there has been no administration granted upon her estate.

The judgment must be reversed, and a judgment entered here for the defendant, with costs of both courts.

The other Justices concurred.