[No. 4487.   Decided March 13, 1903.]

## JOSEPH DALY, *Appellant, v.* EVERETT PULP AND PAPER COMPANY, *Respondent.*

PLEADING — AMENDMENT OF ANSWER — DISCRETION OF COURT.

Where plaintiff had actual notice of a motion to amend an answer, made on the day of trial, and no injury was shown as the result of the amendment, its allowance by the court was not reversible error, although not supported by affidavit nor notice of the application served on the plaintiff, as required by Bal. Code, § 4953, since the same section permits the allowance of amendments in the discretion of the court to correct mistakes, and there is nothing in the record negativing the idea that the amendment was allowed for the purpose of correcting a mistake.

PARENT AND CHILD — INJURIES TO CHILD — ACTION BY FATHER — ESTOPPEL.

In an action by a father for loss of services of his minor son, resulting from injuries caused by defendant's negligence, it was not error to refuse to strike an answer averring that plaintiff had emancipated his minor son, so far as any claim for damages growing out of the alleged injuries was concerned, and had, with his own consent, advice, and assistance, permitted the son to bring an action in his own behalf for all damages, and that the father approved of the judgment entered in the action brought by the son, and, as the legal guardian of his son, received the money paid in satisfaction of such judgment.

SAME — EVIDENCE OF FORMER ACTION — ADMISSIBILITY OF PAROL.

In support of the defense of estoppel of a father to bring an action in his own name for personal injuries to a minor son, after participation in a suit and settlement in behalf of the son, parol testimony of the existence of the former suit and its settlement was admissible for the purpose of showing the father's participation therein; and the record of the son's suit was also admissible as one of the facts tending to establish the defense.

SAME — ESTOPPEL OF FATHER BY EMANCIPATION OF CHILD — CHALLENGE TO SUFFICIENCY OF EVIDENCE.

In an action by a father to recover for personal injuries to

his minor son, the court was warranted in granting a challenge to the sufficiency of the evidence, where it appeared that the son had brought an action in his own name through his father as guardian *ad litem* for the same injuries, which did not limit the right of recovery merely to the period after majority of the son; that the father actively assisted in the bringing, conducting, and settlement of the suit, without reserving any right to make a demand in his own behalf; that as the legal guardian of his son he consented to, and accepted the fruits of, the judgment entered, which recited that defendant should be released from all liability whatsoever because of the injury suffered by the son, upon payment of the sum agreed upon as the amount of the judgment.

Appeal from Superior Court, Snohomish County.— Hon. JOHN C. DENNEY, Judge. Affirmed.

*Lewis & Hardin* (*Sherwood & Mansfield,* of counsel), for appellant.

*Brownell & Coleman,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—This suit was brought by appellant against respondent to recover damages for the alleged loss of services of a minor son of appellant, occasioned by injuries to the fingers of said minor, received while working in the paper mill of respondent at Everett. Respondent answered the complaint, putting in issue the material allegations thereof, and affirmatively alleged, among other things, that theretofore said minor commenced an action against respondent in the superior court of Snohomish county to recover for all damages resulting from the injuries described in the complaint in this cause; that such proceedings were had in said suit that a judgment was entered therein against respondent by agreement, and with the approval and consent of appellant, for the sum of $750, which judgment was to the effect that the respondent, upon paying

into the registry of the court the sum of $750, should be released from all obligation and liability whatsoever because of any accident or injury consequent from any accident suffered by said minor as set forth in the complaint; that thereafter respondent did pay into the registry of the court, pursuant to and in satisfaction of said judgment, the sum of $750, which amount was afterwards paid to appellant, as the guardian of said minor; that, by reason of the foregoing, appellant is estopped from recovering in this action. A trial was had before a jury. At the conclusion of the testimony, respondent challenged the sufficiency of the evidence, and moved the court to withdraw the case from the jury and enter judgment in favor of respondent. The challenge and motion were by the court granted. The plaintiff has appealed.

Many errors are assigned, but we do not find it necessary to discuss any except those which relate to the affirmative defense outlined above, since it is our view that the case must be determined upon the issue presented by that defense. It is urged as error that the court sustained respondent's motion for leave to file an amended answer which introduced the above mentioned defense. The motion was orally made, no affidavits were filed in support of it, and no notice of the same appears to have been given. Appellant contends that the granting of the motion was error, under the provisions of § 4953, Bal. Code, which provides, among other things, that the court may, upon affidavit showing good cause therefor, and after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding. The journal entry of the court shows that the motion was made upon the day the trial began. Appellant's counsel must have been present, since the entry shows that the motion was granted after hearing argument, and an exception was allowed to

the appellant. There also appears in the record a motion
of appellant to strike portions of the amended answer,
which motion was made the same day. It is therefore
manifest that appellant had actual notice of the presenta-
tion of the motion. While the latter portion of the section
of the statute cited contemplates both notice and affidavit,
yet the first portion of the section seems to give the court
discretion to allow amendments to correct mistakes with-
out requiring either. There is nothing in this record to
negative the idea that the trial court may have permitted
this amendment on the theory that it was to correct a mis-
take. This court has heretofore construed the statute as
intending much liberality in the matter of amendments
in furtherance of justice. In *Barnes v. Packwood,* 10
Wash. 50 (38 Pac. 857), three answers had already been
filed, and at the time of the trial the court permitted a
fourth to be filed. This court observed at page 52 as fol-
lows:

"  .  .  .   the court having such a large discretion
under our law and practice in matters of amendments,
we do not think we would be justified in reversing the case
for this reason."

The record does not disclose any claim on the part of
appellant that he was really injured by the amendment,
and unprepared with testimony to meet any issue ten-
dered thereby. No application for continuance of the
trial on the ground of surprise or inability to produce
testimony is shown. If such had been made to appear,
no doubt, the trial court would have granted the amend-
ment upon such terms as would have fully protected any
rights shown to be jeopardized by permitting the amend-
ment at that time. We think reversible error is not shown
in permitting the amended answer to be filed.

It is assigned that the court erred in refusing to strike

certain paragraphs of the affirmative defense heretofore mentioned. This is urged on the ground that the defense presented by that portion of the amended answer is irrelevant and immaterial. We think the averments of that portion of the answer are material, and, if true, constitute a defense to this action. The answer is to the effect that appellant had emancipated his minor son, so far as any claim for damages growing out of the alleged injuries was concerned, and had, with his own consent, advice, and assistance, permitted the son to bring a former action in his own behalf for all damages occasioned by the injury. If the son, with the consent and assistance of the father, was permitted to collect all damages, including those occasioned by the reduced value of his services during minority, then it would seem to follow that the father waived his right to damages for reduced earning power during minority and gave them to the son. Such is the effect of the answer. Its averments are to the effect that the father approved of the settlement that was made, and the judgment that was entered in the former cause, and that the money was paid to him as the legally appointed guardian of the son. Such participation in that suit and settlement on the part of the father, we think, should now estop him from asserting a claim of his own, in the absence of an express understanding between appellant and respondent at the time of the settlement that he reserved his own right to a separate demand on account of reduced value of services until the son should reach his majority. For these reasons, we think the court did not err in refusing to strike from the amended answer.

It is urged that the court erred in overruling appellant's objection to the introduction of parol testimony to prove the contents of the record in the former case. The testimony referred to, however, was not admitted for the

purpose assigned, but to show the knowledge of the appellant concerning the former suit and settlement, as well as his participation therein. For this purpose the testimony was competent. The contents of the former record were established by the introduction of the record itself. It was proper to show by parol testimony the participation of appellant in the former case, as bearing upon respondent's claim that he is thereby estopped in this action. The above reasons also apply to the further assignment that error was committed in admitting oral testimony concerning the settlement of the former case. That evidence was solely for the purpose of showing appellant's participation in the settlement, and was properly admitted.

The assignment that error was committed in permitting the introduction of the record of the former cause needs no discussion, in view of what has already been said. The existence of the record in that cause having been pleaded in the amended answer in connection with allegations as to appellant's knowledge thereof, it became proper evidence under the issue of estoppel.

It is urged that the court erred in granting the challenge to the sufficiency of the evidence, and in withdrawing the case from the jury and entering judgment for respondent. The evidence shows that the former suit, brought in behalf of the son through the guardian *ad litem,* was begun at the instance of the appellant. He consulted counsel, and arranged for the bringing of the suit, by assisting in placing the facts before the attorneys, and by an understanding between himself and counsel as to attorney's fees for the prosecution of the action. After the suit was brought, negotiations for a settlement were begun, concerning which appellant was, from time to time, consulted. These negotiations resulted in an agreement, authorized by appellant, that a judgment for $750 should be entered in

the cause in full for all damages. When the terms of the agreed settlement were stated to the judge who entered the judgment, he asked appellant, as the father of the plaintiff in the cause, if the terms were satisfactory to him, and he responded in the affirmative. It is true, appellant is somewhat indefinite as to his recollection of just what did occur. He admits he was at the court house, but claims he did not know the judge. We think, however, that the testimony of the others who were present shows that, when the terms of settlement were stated to the judge, he asked appellant the question and received from him the response above indicated. Appellant also signed and verified a petition asking the court to appoint him as guardian of his son, in order that he might withdraw from the registry of the court the $750 paid by respondent in pursuance of the settlement and judgment. He qualified as guardian, and receipted for the money, less the amount allowed by the court as counsel fees in the case. At no time does there appear to have been any indication by appellant of any reserved right to make a demand in his own behalf, but he actively participated in the suit and settlement thereof as above outlined. The complaint in the action brought in behalf of the son does not limit the demand for recovery to damages for reduced earning power after the period of minority, but it is general, and covers the whole of the remaining period of his natural life. The judgment entered contained the following:

"It is further ordered, adjudged and decreed that the above named defendant, upon paying to the clerk of this court the said sum of $750, shall be released of and from all obligation or liability whatsoever because of any accident or injury consequent from any accident suffered by the plaintiff as set forth in the complaint herein."

In view of appellant's participation in the suit, his con-

sent to the judgment and his receipt of the fruits thereof as guardian for the son, we think he should not now be heard to say that he has a demand of his own which was not included in the above suit and judgment. It must be held that he emancipated his son, in so far as the right to recover damages was concerned, and permitted him to recover all damages accruing by reason of the accident, including those pertaining to the period of minority, as well as those relating to the time beyond minority. It is true that the earnings of a minor belong to the father unless the father has given them to him. But the father cannot recover for such earnings when he has emancipated the minor. That appellant is estopped to recover in this action is sustained by the case of *Baker v. Flint & P. M. R. R. Co.*, 91 Mich. 298 (16 L. R. A. 154, 51 N. W. 897, 30 Am. St. Rep. 471). That case seems to be directly in point here. The court, at page 305, observes as follows:

"It appears that the plaintiff in this case, as next friend of his son Oscar, took part in the trial of the former case, and insisted upon a recovery by his son for the very damage—that is, the value of the loss of Oscar's services— which he now seeks to recover in the present case. It is undoubtedly true that as matter of law Oscar had no right in his suit to recover such damages without the consent of his father, but he did recover with the consent of his father; therefore the father is now estopped from setting up claim for the same damages in this action in his own name. It is true that the earnings of a minor son belong to the father, unless the father has given him his time and earnings; but the father could not recover for such earnings when he has emancipated him. *Shoenberg v. Voight,* 36 Mich. 310; *Allen v. Allen,* 60 Mich. 635; *Bell v. Bumpus,* 63 Mich. 375, 6 West. Rep. 130. If the case here had been for the earnings of the minor son, and it appeared that in a former action by the son—the father acting as his next friend—he had recovered the value of

his wages in such former suit with the consent of the father, that fact would be held tantamount to manumission of the infant, so far as that suit was concerned, and the father would be estopped from recovery of the same wages. There can be no distinction between such a case and the present; and the fact that the father appeared and prosecuted as next friend was tantamount to a relinquishment of such loss of services."

We think the application of the doctrine of estoppel as announced in the above case should be followed here. The court therefore did not err in granting the challenge to the sufficiency of the evidence, and in entering judgment for respondent.

The judgment is affirmed.

FULLERTON, C. J., and MOUNT, DUNBAR and ANDERS, JJ., concur.