[No. 4814.  Decided April 4, 1904.]

JOHN GROVER DONALD, *by his Guardian, etc., Respondent,* v. CITY OF BALLARD, *Appellant.*[1]

INFANTS—ACTION FOR PERSONAL INJURIES—DAMAGES INCLUDING EXPENDITURES .FOR MEDICAL ATTENDANCE — SUIT BY FATHER AS GUARDIAN EMANCIPATING MINOR.  In an action for personal injuries sustained by a minor it is not error to permit the recovery to include expenditures for medical attendance, objected to because the minor had no capacity to sue therefor, when the action was brought by the father as guardian *ad litem* for the minor, since thereby the father emancipates his son in respect thereto, and would be barred from recovering for the same in his own name.

Appeal from a judgment of the superior court for King county, Griffin, J., entered April 29, 1903, upon the verdict of a jury rendered in favor of the plaintiff for $600 for injuries sustained due to a defective sidewalk.  Affirmed.

*John W. Whitman,* for appellant.

*McCafferty & Kane,* for respondent.

HADLEY, J.—This is an action for damages for per-.sonal injuries, alleged to be due to a defective sidewalk negligently maintained.within the limits of the defendant city.  The injured plaintiff, John Grover Donald, is a minor, and the suit was brought by Thomas B. Donald as guardian *ad litem,* the latter being also the father of said minor.  The complaint alleges in detail damages as follows: $10,000 for injury to the leg, $5,000 for pain and suffering, and $300 for expenses for medical attendance, nursing, and medicines in aiding and attempting to cure the injury.  The jury returned a verdict in the sum of $600.  The city moved for judgment notwith-

[1] Reported in 76 Pac. 80.

standing the verdict, but the motion was denied. This was followed by a motion for arrest of judgment, which was also denied. Judgment was then entered for the amount of the verdict, and the city has appealed.

As appellant's counsel says, in his brief, all errors urged in this court are predicated upon the complaint, and all point to the one objection, that the plaintiff had no legal capacity to sue for the claim of $300 for medical attendance, nursing, and medicine. Testimony of the physician as to the value of his services was introduced without objection, and the court instructed the jury that they should include in their verdict such a sum for that purpose as they should find from the evidence would compensate the plaintiff, not exceeding the sum of $300, the amount demanded in the complaint for that item of alleged damage. The verdict returned was general, and no sum was specified for the above item, or for any other in particular.

Appellant's argument is that no cause of action lies in favor of the minor for the recovery of amounts expended for medical attendance and nursing, but that the father alone can maintain an action therefor. Since this action is brought in behalf of the minor only, it is urged that a recovery in this suit for expenses of medical services and nursing will not be a bar to recovery by the father in another action.

In the case of *Daly v. Everett Pulp & Paper Co.*, 31 Wash. 252, 71 Pac. 1014, this court held that, when a suit is brought for damages arising from injuries to a minor, and when the action is brought in behalf of the minor with the father's consent, for damages which would otherwise be recoverable by the father, the latter cannot afterwards be heard to say that he has a demand of his

own for the same items of damage which were included in the former suit. It was held that, under such circum-stances, the father has emancipated his son in so far as the right to recover damages which were included in the son's suit is concerned. Such is the case here. That the father consented to this recovery by the son is mani-fest, since he himself caused the action to be brought in his own name as guardian *ad litem,* and specifically in-cluded the item of damage here under discussion. Under the case cited, the minor was authorized to recover this item of damage, and the father cannot again, in his own behalf, recover for the same damage. The court, there-fore, did not err in its construction of the complaint, and in its instructions to the jury that they could consider said item of damage.

The judgment is affirmed.

FULLERTON, C. J., and ANDERS, DUNBAR, and MOUNT, JJ., concur.