[No. 6953. Decided November 25, 1907.]

ADOLPH HAMMER, *by His Guardian Ad Litem, Amelia Anna Hammer, Respondent,* v. ELMER E. CAINE, *Appellant.*[1]

INFANTS—PERSONAL INJURIES—LOSS OF TIME—EMANCIPATION—JUDGMENTS—RES JUDICATA. In an action for personal injuries by a minor by his mother as guardian *ad litem*, he may recover for his loss of time since the suit therefor emancipates him; and his mother would be estopped from making claim therefor and concluded by the judgment, although the items were not specifically stated in the complaint, if they were submitted by the charge to the jury.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered March 13, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by the negligent operation of an automobile. Affirmed.

*Chas. F. Munday, Walter S. Fulton,* and *James A. Kerr,* for appellant.

*Albert D. Martin* and *Blaine, Tucker & Hyland,* for respondent.

ROOT, J.—Respondent, a minor, prosecuted this action by his mother as guardian *ad litem,* to recover damages for personal injuries received through the negligent operation of an automobile owned by appellant, and from personal conduct of appellant toward him at the time of the collision. From a judgment for $1,800 in respondent's favor, this appeal is taken.

The claim for damages was set forth in the complaint in these words:

"That by reason of the facts aforesaid the said Adolph Hammer has been made to suffer great bodily pain and mental

[1]Reported in 92 Pac. 441.

anguish, and has suffered great humiliation, chagrin and insult on account of the acts aforesaid, and has been on account thereof, made sick, lame and sore, and has been, and now is, confined to his bed, and will be indefinitely, and has been and is, on account thereof, permanently injured and will never be able to follow the avocation heretofore pursued by him, and on account thereof has been required to employ a physician and surgeon in an effort to undertake to cure the injuries so sustained as aforesaid and to relieve the pain and suffering on account of said injuries, and the said plaintiff has been damaged thereby in the sum of twelve thousand dollars ($12,000)."

Appellant urges that this does not contain any claim for loss of time or earnings during appellant's minority. He requested the trial court to charge the jury that they could allow nothing for such loss. The court refused, and instructed the jury that they might award such sum as would compensate him for any loss of time or earning capacity. Appellant insists that this is error, as respondent's mother was entitled to his time and earnings during his minority, and that she had not waived her right thereto. Respondent contends that the prosecution of the action by the mother as guardian *ad litem* estops her from hereafter making any claim against appellant for these items. We think, under former holdings of this court, that this contention must be upheld. The rule announced in *Daly v. Everett Pulp and Paper Co.*, 31 Wash. 252, 71 Pac. 1014, as interpreted and followed in *Donald v. Ballard*, 34 Wash. 576, 76 Pac. 80, would seem to be conclusive upon this point. In the former case the following language was employed:

"In view of appellant's participation in the suit, his consent to the judgment and his receipt of the fruits thereof as guardian for the son, we think he should not now be heard to say that he has a demand of his own which was not included in the above suit and judgment. It must be held that he emancipated his son, in so far as the right to recover damages was concerned, and permitted him to recover all damages accruing by reason of the accident, including those pertain-

43—47 WASH.

ing to the period of minority, as well as those relating to the time beyond minority. It is true that the earnings of a minor belong to the father unless the father has given them to him. But the father cannot recover for such earnings when he has emancipated the minor. That appellant is estopped to recover in this action is sustained by the case of *Baker v. Flint & P. M. R. R. Co.*, 91 Mich. 298, 51 N. W. 897, 30 Am. St. 471, 16 L. R. A. 154."

In the *Donald v. Ballard* case, this was said:

"It was held that, under such circumstances, the father has emancipated his son in so far as the right to recover damages which were included in the son's suit is concerned. Such is the case here. That the father consented to this recovery by the son is manifest, since he himself caused the action to be brought in his own name as guardian *ad litem*, and specifically included the item of damage here under discussion."

If in the case at bar the items were not specifically mentioned in the complaint, they were nevertheless submitted by the court's charge to the jury, and the judgment upon the verdict must be conclusive against the mother as to those matters.

The judgment is affirmed.

HADLEY, C. J., DUNBAR, MOUNT, and CROW, JJ., concur.

RUDKIN and FULLERTON, JJ., took no part.