[No. 7472.   Decided March 27, 1909.]

ANNIE HARRIS, *Respondent*, v. PUGET SOUND ELECTRIC RAILWAY, *Appellant*.[1]

JUDGMENTS—PERSONS CONCLUDED—PARENT AND CHILD—FORMER ACTION BY GUARDIAN—EMANCIPATION OF MINOR. In an action by a parent to recover expenses incurred for treatment and loss of services of a minor child, injured in a railway accident, a former action by the guardian of the child, to recover for the minor's personal injuries, is not an emancipation of the child or a bar to a recovery by the parent, where in the former action recovery for expenses and loss of services was expressly excluded from the consideration of the jury.

Appeal from a judgment of the superior court for King county, Tallman, J., entered January 25, 1908, upon findings in favor of the plaintiff, and a stipulation, in an action to recover for expenses and loss of services of a minor child. Affirmed.

[1]Reported in 100 Pac. 841.

*James B. Howe* and *Hugh A. Tait,* for appellant.

*Blaine, Tucker & Hyland* and *Robert C. Saunders,* for respondent.

Mount, J.—This action was brought by the respondent to recover certain expenses, and for loss of earning capacity of her minor son during infancy, by reason of personal injuries received by her son in a collision, as stated in *Harris v. Puget Sound Elec. R., ante* p. 289, 100 Pac. 838, and *Id. ante* p. 298, 100 Pac. 841. This case was tried to the court without a jury and was based upon the same state of facts as shown in the other two cases. It was stipulated that, in the event the court should find in favor of the plaintiff and against the defendant, the amount of recovery should be fixed in the sum of $1,000. The trial court found that the plaintiff was entitled to recover, and entered a judgment for $1,000. The defendant has appealed.

The questions decided in the other two cases are conclusive of the same questions presented in this case. The contention made in this case, in addition to what was made in the other two, is that the bringing of case No. 7473 by the mother was an emancipation of the minor by her, and *Daly v. Everett Pulp & Paper Co.,* 31 Wash. 252, 71 Pac. 1014, and *Donald v. Ballard,* 34 Wash. 576, 76 Pac. 80, are relied upon. In these cases, however, there had been one recovery by the guardian for the minor, and it was held that there could not be another recovery for items which had already been settled or recovered in a former action. In this case there has been no previous recovery for loss of wages during minority of the son Otto, nor for expenses of the mother incurred in treatment for his injuries. These items were expressly excluded from the consideration of the jury in the action brought by the minor through his guardian *ad litem.* When a minor is injured, two causes of action arise, one in favor of the minor for pain and suffering and permanent injury, the other in favor of the parents for loss of services during mi-

nority, or expenses of treatment. Bal. Code, § 4829 (P. C. § 257) ; *Hedrick v. Ilwaco R. & Nav. Co.*, 4 Wash. 400, 30 Pac. 714. These causes may be joined or tried in separate actions. They appear to have been properly tried in separate actions in this case.

The judgment is therefore affirmed.

RUDKIN, C. J., CROW, FULLERTON, CHADWICK, GOSE, and DUNBAR, JJ., concur.