[No. 13821. Department One. May 23, 1917.]

## CHARLES FLESSHER, *Appellant*, v. CARSTENS PACKING COMPANY, *Respondent*.[1]

JUDGMENT — RES JUDICATA — PARTIES CONCLUDED — INJURIES TO MINOR — RIGHTS OF PARENT. A judgment in an action to recover for injuries to a minor daughter, prosecuted by the parent as guardian *ad litem*, is not a bar to a subsequent action by the parent to recover the expense of medical treatment, nursing and care, where those items were not alleged as items of damage and were not submitted to the jury by the instructions or litigated in the former action; since both the child and parent have separate causes of action which may be litigated either separately or together at their election; but the parent cannot recover for loss of services where that item was litigated in the former action.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered January 24, 1916, upon the pleadings, dismissing an action in tort. Reversed.

*Garland & McLane*, for appellant.

*Kerr & McCord*, for respondent.

MAIN, J.—The purpose of this action was to recover damages alleged to have accrued to the plaintiff because of the injury which his minor daughter had sustained through the negligence of the defendant. The issues were made up by the complaint, the amended answer (which will be referred to as the answer) and the reply. When the cause came on to be heard upon the merits, and after a jury had been impaneled and sworn, the defendant moved the court for a judgment upon the pleadings, which motion was sustained, and a judgment entered which operated as a dismissal of the action. From this judgment, the plaintiff appeals.

The controlling question in the case is whether the trial court erred in sustaining the motion for judgment on the pleadings. The complaint alleges that the respondent, the Carstens Packing Company, is a corporation, and is engaged

[1]Reported in 165 Pac. 397.

in the business of the selling of meats at retail in the city of Bremerton, Washington; that, on or about the 15th day of October, 1912, the respondent sold to the appellant a certain piece or parcel of diseased meat which was unfit for food; that, on or about the day mentioned, Mabel Flessher, a minor daughter of the appellant, Charles Flessher, then of the age of ten years, ate of said meat, and as a result of, and in immediate consequence of, the eating thereof, became sick, and that her health has become permanently impaired by the eating of such meat. By the complaint, three items of damages are sought to be recovered: (a) Expense to the appellant for medical treatment for his daughter; (b) expense incurred in caring for or nursing his daughter; and (c) for loss of services. The answer denies all the allegations of the complaint, other than the formal allegation which appears in the first paragraph thereof, and pleads affirmatively that the appellant in this action, on or about the 14th day of October, 1913, as guardian *ad litem* for his minor daughter, Mabel Flessher, commenced an action in the superior court of the state of Washington for Kitsap county, entitled "Mabel Flessher, Plaintiff, by Charles Flessher, guardian *ad litem*, v. Carstens Packing Company, Defendant," and a copy of the complaint is set out in full. In this complaint, the purchase and eating of the meat is alleged in similar language to that contained in the complaint in the present action, and paragraph 6 thereof is as follows:

"That plaintiff ate said meat on or about said day mentioned and as a result of and immediate consequence of and because of her eating said meat as aforesaid the plaintiff became ill, was thrown into fits and spasms and her life was endangered. That because of an immediate consequence of said eating as aforesaid plaintiff's health has become permanently impaired, that her digestive system has become so impaired as to render life a burden to herself and that by and through eating said meat plaintiff has lost control of the functioning of her excretory organs; that as a result of the injury to the health of plaintiff by eating said meat as afore-

said and as a part of said injuries plaintiff is in a weakened bodily and mental condition and has frequent fits and spasms and periods of unconsciousness and is compelled to and does have frequent medical treatment by a duly qualified and licensed physician."

Following this allegation, there was an allegation of the injuries sustained by Mabel Flessher, included in which was reduction in earning capacity, or permanent injury. It is then alleged, in the affirmative defense, that the action there referred to was removed from the superior court for Kitsap county to the United States district court for the Western district of Washington, northern division, and that thereafter an answer was filed in the action in the United States district court, which answer was a general denial of the allegations of the complaint; that, on the 28th day of May, 1914, the cause was tried upon the issue thus framed, and resulted in a verdict in favor of the plaintiff in that action, and against the defendant, for the sum of $1,250; that judgment was entered upon the verdict, and subsequently paid by the defendant to the plaintiff in the action; that the appellant in this action was the guardian *ad litem* of his daughter, Mabel Flessher, in the cause tried in the Federal court. It is alleged, also, that the appellant is estopped from maintaining this action, because he is seeking here to recover the same items of damage for which recovery was had in the action tried in the Federal court. The reply to the affirmative defense contains certain admissions and denials, and concludes with this paragraph:

"That the question of the damages to Charles Flessher on account of medical and drug store bills and nursing bills incurred by him because of the injury to Mabel Flessher, his minor child, was not set up in the pleadings, was not submitted to the court or to the jury, either by evidence adduced, by the court's instruction to the jury, or otherwise, and that all such questions and all causes of action based on expenses incurred by Charles Flessher were excluded from the consideration by the jury on and by the instructions of the

court, which said instructions are hereto attached and made a part hereof and marked exhibit A."

The first inquiry must be directed as to whether the pleadings in this case show that recovery is sought here for the same items of damages for which recovery was previously had in the action tried by the Federal court. As already stated, the complaint claims three items of damages: (a) Expense for medical treatment; (b) expense for nursing or care; and (c) for loss of services. It is conceded by the appellant that the item for loss of services was included in the recovery in the other action, and that, therefore, he is estopped from recovering for that item in this action. This reduces the question to whether, in the action tried in the Federal court, there were included the items of medical treatment and care or nursing.

The answer nowhere alleges specifically that the item of care was recovered in the other action. The reply alleges specifically that the items for medical attendance and nursing were "not submitted to the court or to the jury, either by evidence adduced, by the court's instruction to the jury, or otherwise." A copy of the instructions is attached to the reply, and it appears therefrom that the items of expense for medical attendance and nursing were not submitted to the jury in that case, and the allegations of the reply, already referred to, are to the effect that these items were not submitted to the court or to the jury at any time. Referring to paragraph 6, above quoted from the complaint in the Federal court action, and the concluding clause thereof, it is argued that this contains a claim for expense for medical attendance, but we do not so construe the pleading. In that paragraph of the complaint, there was an attempt to set out a description and the extent of the injuries, and the reference therein to medical treatment was purely descriptive, and would not furnish the basis for an estoppel upon that item unless testimony had been offered, or the question had in some form been submitted in the Federal court action.

As we construe the pleadings, the items of medical attendance and expense for care and nursing were not included in the allegations in the complaint in the Federal court action, and were in no form litigated in that action. The question then arises whether the appellant has a right to recover for these items in this action. The law is that, when a minor is injured, two causes of action arise, one in favor of the minor for pain and suffering and permanent injury, the other in favor of the parent for loss of services during minority and expenses of treatment. These actions may be joined or tried separately.

In *Harris v. Puget Sound Electric R.*, 52 Wash. 299, 100 Pac. 841, upon this question it was said:

"When a minor is injured, two causes of action arise, one in favor of the minor for pain and suffering and permanent injury, the other in favor of the parents for loss of services during minority, or expenses of treatment. . . . These causes may be joined or tried in separate actions. . . ."

Where a minor is injured through the negligence of another, and an action is brought by the parent as guardian *ad litem*, and in that action recovery is sought by the complaint, or there are litigated therein any items of damage which belong to the parent, a subsequent action cannot be waged by the parent for the same items, because, by including them in the action in which the parent is guardian *ad litem*, the minor was authorized to recover such item or items of damage, and the parent is estopped from subsequently recovering therefor. *Daly v. Everett Pulp & Paper Co.*, 31 Wash. 252, 71 Pac. 1014; *Donald v. Ballard*, 34 Wash. 576, 76 Pac. 80; *Hammer v. Caine*, 47 Wash. 672, 92 Pac. 441.

In *Donald v. Ballard, supra*, referring to the previous case of *Daly v. Everett Pulp & Paper Co.*, it was said:

"This court held that, when a suit is brought for damages arising from injuries to a minor, and when the action is brought in behalf of the minor with the father's consent, for damages which would otherwise be recoverable by the father, the latter cannot afterwards be heard to say that he has a

demand of his own for the same items of damage which were included in the former suit. It was held that, under such circumstances, the father has emancipated his son in so far as the right to recover damages which were included in the son's suit is concerned. Such is the case here. That the father consented to this recovery by the son is manifest, since he himself caused the action to be brought in his own name as guardian *ad litem,* and specifically included the item of damage here under discussion. Under the case cited, the minor was authorized to recover this item of damage, and the father cannot again, in his own behalf, recover for the same damage."

Applying the law to the facts in this case, it appears that the appellant, so far as the pleadings show, had a cause of action against the respondent for medical attendance, loss of services during the period of minority, and expenses for care or nursing; that the appellant, as the guardian *ad litem* for his minor daughter, waged the action in the Federal court, and there was included in that action the item of loss for services; that there were not included in that action items of expense for medical attendance and care.

Since these items were not litigated in any form in the Federal court action, it cannot be said that the appellant authorized a recovery for such items therein and is, therefore, estopped from maintaining the present action.

The judgment will be reversed, and the cause remanded with direction to the superior court to proceed with the trial of the cause.

ELLIS, C. J., MORRIS, and WEBSTER, JJ., concur.