[No. 24077.   Department One.   January 19, 1933.]

WILLIAM McALLISTER, *a Minor, by Agnes McAllister,*
*his Guardian ad Litem, Respondent,* v. SAGINAW
TIMBER COMPANY, *Appellant.*[1]

*Roy E. Bigham* and *John I. O'Phelan,* for appellant.
*J. O. Davies,* for respondent.

PARKER, J.—The plaintiff, William McAllister, by
his widowed mother as his guardian ad litem, com-
menced this action in the superior court for Pacific
county, seeking recovery for personal injuries suffered
by him, alleged as the result of the defendant timber
company negligently permitting a horse owned by it
to stray upon a public highway of that county and
come into collision with a Ford motor truck in which
he was riding.  Trial in that court, sitting with a jury,

[1]Reported in 18 P. (2d) 41.

resulted in verdict and judgment awarding recovery in the sum of $2,600 against the timber company, from which it has appealed to this court.

The controlling facts, as the jury were well warranted by the evidence in viewing them, and as they evidently did view them, are, in substance, as follows: The boy, William, lived with his widowed mother some two miles east of the small town of Brooklyn, in Pacific county. Early in the evening of the day of the accident, she sent him to a grocery store in Brooklyn for some groceries. He was then thirteen years old. When he arrived at the store and had purchased the groceries, he there met his friend, Walter Twidwell, a son of the owner of the store. Walter was then sixteen years old. Walter owned a Ford truck. His work, in connection with his father's business, was to make deliveries of milk to homes in the town. He used his truck in making the milk deliveries. He had that evening made several milk deliveries, and had several more to make. He then suggested that he would take William home in the truck if he, William, would help him make the remaining deliveries of the milk. William agreed to this.

They accordingly completed the milk deliveries in a short time, Walter driving the truck and William taking the milk into the several homes of the customers. Having finished the deliveries of the milk, they returned to the store for the groceries and started on their way towards William's home, Walter driving. While they were so proceeding along the public highway, a horse of the timber company, wholly unattended by anyone, strayed upon the highway directly in front of the truck, and, before the truck could be stopped by Walter, the horse and the truck came into violent collision, resulting in William being very severely in-

jured, for which injuries recovery was sought and awarded, as above noticed.

One of the defenses was contributory negligence on the part of Walter in his driving of the truck at the time of the accident, and that such negligence was imputable to William as a joint adventurer with Walter. In this connection, it is contended that the trial court erred to the prejudice of the timber company in refusing to give to the jury an instruction requested by its counsel, which had the effect of the court advising the jury, as a matter of law, that the understanding or agreement of the boys with each other, followed by what they did in pursuance thereof, constituted them joint adventurers at the time of the accident, so that the negligence of one would be imputable to the other. This is not only the fair inference to be drawn from the language of the proposed instruction, but it was manifestly so intended, as evidenced by the language of the exception taken to the court's refusal to give it; counsel for the timber company then stating, in part, that the boys "were in a common venture," and that "the question of whether they were joint adventurers was one of law to be decided by the court." The trial judge did, by other instructions, fairly submit to the jury the question of whether or not the boys were joint adventurers at the time of the accident.

It seems to us that there was more substantial ground for arguing that it should be decided, as a matter of law, that the boys were not joint adventurers at the time of the accident, though we need not here pursue that inquiry. Our decisions in *Rosenstrom v. North Bend Stage Line,* 154 Wash. 57, 280 Pac. 932, *Dahl v. Moore,* 161 Wash. 503, 297 Pac. 218, and *Domandich v. Doratich,* 165 Wash. 315, 5 P. (2d) 310, we think support our conclusion that the trial court

did not err in refusing to give to the jury this instruction as requested.

It is further contended in behalf of the timber company that the trial judge erred in permitting counsel for William to prove the nature and value of medical services necessarily rendered to him as the result of his injuries, for which the verdict and judgment awarded him one hundred dollars as an item of his damage. The theory of this contention is that his mother, personally, and not himself, became liable to the physician for such services. While the mother, we may concede, would be liable to the physician for such services and could recover therefor from the timber company as an item of damage suffered by her, it does not follow that William was not equally liable therefor to the physician. Manifestly, those services were "necessaries" in that legal sense for which William, a minor, became liable. Rem. Rev. Stat., § 5829; 31 C. J. 1075, 1077; 14 R. C. L. 254. William's mother claiming this item of damage as his guardian ad litem for his benefit, it seems plain, will estop her from again claiming it for her own benefit. So the timber company is not prejudiced by the award in favor of William.

It is further contended in behalf of the timber company that the award of $2,600, which included the physician's compensation, is excessive. Our careful reading of the evidence leads us to conclude that this contention is without merit.

It is further contended in behalf of the timber company that the evidence does not support any recovery against it, upon the ground that the evidence does not support a finding of negligence on its part, and also upon the ground that the evidence conclusively shows negligence on the part of Walter and William as a contributing cause of William's injuries. We note that

452

the record before us fails to show any request made in behalf of the timber company to have the trial court so decide, as a matter of law, either before or after the rendering of the verdict. However, we think such contentions should not be sustained upon the merits.

We conclude that the judgment must be affirmed. It is so ordered.

TOLMAN, MITCHELL, and HOLCOMB, JJ., concur.