IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JENNIFER L. CURTIN, individually, | ) | No. 36209-4-III |
| | ) | (consolidated with |
| Petitioner, | ) | No. 36210-8-III) |
| | ) | |
| GLEN CURTIN and BECKY CURTIN, jointly, | ) | |
| | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF EAST WENATCHEE; and LEO AGENS and "JANE DOE" AGENS, and the marital community thereof, | ) | PUBLISHED OPINION |
| | ) | |
| | ) | |
| Respondents, | ) | |
| | ) | |
| DOUGLAS COUNTY; STATE OF WASHINGTON DEPARTMENT OF TRANSPORTATION; and UNKNOWN JOHN AND JANE DOES 1-10, jointly and individually, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

PENNELL, A.C.J. — Jennifer Curtin and her parents, Glen and Becky Curtin, sued

the City of East Wenatchee and Leo Agens (collectively Respondents) for personal

injuries sustained by Jennifer Curtin while she was a minor child. In addition to general

damages, both Ms. Curtin and her parents sought compensation for pre-majority medical

expenses as part of their claim for special damages. The Curtins' suit was filed more than

three years after Jennifer Curtin was injured, but within three years of her 18th birthday.

The Respondents successfully moved for summary judgment by arguing that only Ms.

Curtin's parents had standing to bring a claim for pre-majority medical expenses, and

their claims were time-barred by our state's three-year statute of limitations.

We disagree with the trial court's disposition in part. Under Washington law, both

parent and child are entitled to seek recovery for pre-majority medical expenses. But in

this case, that claim was timely only as to Jennifer Curtin, who benefitted from tolling of

the statute of limitations until she reached 18 years of age. We therefore affirm the trial

court's summary judgment dismissal of the claims of Ms. Curtin's parents, reverse the

trial court's denial of summary judgment on proximate cause and special damages as it

relates to Jennifer Curtin, and remand for further proceedings.

## BACKGROUND

On December 9, 2009, 14-year-old Jennifer Curtin was crossing a street in East

Wenatchee, Washington, when she was struck by a car operated by Leo Agens.

Ms. Curtin was injured and required extensive medical treatment. At least a portion of

Ms. Curtin's medical expenses were covered by her parents' healthcare insurance provider.

In February 2016, within three years of Ms. Curtin's 18th birthday, Ms. Curtin and her parents brought suit against Mr. Agens and the city of East Wenatchee.[1] Ms. Curtin sought recovery for pain and suffering, medical expenses, and emotional distress. The parents sought recovery for damages related to medical expenses, loss of services, and loss of filial consortium.

The parties filed cross motions for summary judgment. The Respondents argued (1) Ms. Curtin's pre-majority medical expenses could be recovered only by her parents, and (2) the parents could no longer seek any recovery because their claims were barred by the statute of limitations. The Curtins' motion was limited to the issues of proximate cause and special damages, in the form of medical expenses. The trial court determined that the parents' claims were barred by the statute of limitations, that Jennifer Curtin did not have standing to recover damages for her childhood medical expenses, and that the combination of those rulings mooted the Curtins' motion for summary judgment as to proximate cause and special damages.

---

[1] The Curtins alleged the City had failed to "design, repair, revise, and maintain the unmarked crosswalk and roadway in a reasonably safe condition." Clerk's Papers at 11. That allegation is not before the court.

3

This court granted discretionary review to Jennifer Curtin. Because the trial court's rulings disposed of the claims made by Glen and Becky Curtin in their entirety, we also recognized the parents' ability to directly appeal the adverse summary judgment as a matter of right. The cases were thereafter consolidated for review.

ANALYSIS

*Jennifer Curtin's claim for pre-majority medical expenses*

The parties agree that Jennifer Curtin's suit for damages is timely under RCW 4.16.080(2) and RCW 4.16.190 because it was brought within three years of her 18th birthday. The dispute is over a portion of Ms. Curtin's claims. Specifically, the question is whether Ms. Curtin may recover damages for medical expenses incurred prior to her 18th birthday. The Respondents argue, and the trial court agreed, that pre-majority medical expenses can be recovered only by a child's parents since the parents are financially responsible for the child's care and maintenance. *See* RCW 26.16.205. We review this legal question de novo. *Smith v. Bates Tech. Coll.*, 139 Wn.2d 793, 800, 991 P.2d 1135 (2000).

The Respondents' arguments against standing are based on the common law. The common law rule was a minor's parents held the exclusive rights to recover a child's medical expenses. *See State ex rel. Packard v. Perry*, 221 W. Va. 526, 532, 655 S.E.2d

548 (2007). The reasoning was that a child had no standing to recover pre-majority medical expenses unless the parents had assigned the child that right or the child had been emancipated. *Id*. at 534. The common law approach has been criticized as inefficient, illogical, and unfair. *Id*. at 538. s*ee also Estate of DeSela v. Prescott United Sch. Dist. No. 1*, 226 Ariz. 387, 389-90, 249 P.3d 767 (2011); *Boley v. Knowles*, 905 S.W.2d 86, 90 (Mo. Ct. App. 1995). The critique notes that the only benefit of the common law approach is that it avoids risk of a double recovery—a benefit that can be achieved by measures less drastic than depriving an aggrieved person of recovery. *Id*.

In a series of prescient decisions, our high court declined to follow the common law approach. In *McAllister v. Saginaw Timber Co.*, 171 Wash. 448, 451, 18 P.2d 41 (1933), the Supreme Court held the right to recover for pre-majority medical expenses lies with both a parent and child. The court reached this determination without qualification; the child in *McAllister* had not been emancipated and the court did not reason that the child's mother had refused support or assigned her right of recovery. *Id*. Instead, *McAllister* held that because medical expenses are legal "'necessaries,'" the parent and child hold equal rights and responsibilities. *Id*. The court also noted the shared right to recovery for pre-majority medical expenses must not work an injustice by permitting double recovery. *Id*.

5

*McAllister* is consistent with the earlier Supreme Court decision in *Flessher v. Carstens Packing Co.*, 96 Wash. 505, 165 P. 397 (1917). *Flessher* recognized that injury-related expenses can sometimes be claimed by both a minor and a parent. *Id*. at 509. When multiple claims are made, they need not be joined or tried together. *Id*. However, if a minor recovers certain expenses, a principle of de facto emancipation will apply and the parent will not be able to come to court later and claim the same expenses. *Id*.

Respondents seek refuge in *Handley v. Anacortes Ice Co.*, 5 Wn.2d 384, 105 P.2d 505 (1940) and *Harris v. Puget Sound Electric Railway*, 52 Wash. 299, 100 P. 841 (1909), but neither decision is inconsistent with the rule articulated in *McAllister*. *Handley* and *Harris* recognized that when a child is injured, the parent and the child may both have causes of action. *Handley*, 5 Wn.2d at 396; *Harris*, 52 Wash. at 300-01. Recovery of pre-majority medical expenses is generally a claim made by the parent who has paid the expenses; *Harris* and *Handley* referred to the right as such. But neither *Harris* nor *Handley* controverted *McAllister*'s clear rule (implicit in *Flessher*) that the right of recovery lies with the minor in addition to the minor's parents.

The trial court's ruling that Jennifer Curtin lacked standing to assert a claim for pre-majority medical expenses was in error. Ms. Curtin may sue to recover for any

damages, including pre-majority medical expenses, arising out of the alleged negligence of the Respondents.

*Statute of limitations applicable to the parents' claims*

While the parties agree Jennifer Curtin's complaint was timely because it was filed within the three-year limitations period of RCW 4.16.080(2) extended by the minor tolling provision of RCW 4.16.190, they disagree as to whether her parents' claims are timely. Glen and Becky Curtin argue that because they had a right to join their daughter's lawsuit, the tolling statute applicable to Jennifer Curtin extends to them. The Respondents counter that the tolling of the statute of limitations is plaintiff-specific, and therefore does not apply to the parents. We agree with the Respondents.

As the name implies, a statute of limitations' meaning is determined solely by statute, not common law. *See Fast v. Kennewick Pub. Hosp. Dist.*, 187 Wn.2d 27, 32-33, 384 P.3d 232 (2016). Washington's statutory code contains a catch-all limitations provision. RCW 4.16.080(2). That provision applies when a cause of action is not specifically covered by another limitations statute. *Stenberg v. Pac. Power & Light Co.*, 104 Wn.2d 710, 720-21, 709 P.2d 793 (1985).

Here, Glen and Becky Curtin sought compensation for damages sustained as a result of an injury to their child. Former RCW 4.24.010 (1998). Although this statute

7

recognizes that parents have standing to make such a claim, it does not specify a limitations period for doing so. The tolling provision of RCW 4.16.190 is "person" specific in that it only applies to those who meet that statute's criteria. It therefore does not apply to a parent who is not disabled or under the age of 18. Given this statutory landscape, it is apparent the usual three-year statute of limitations period applies to a parent's claim for general injuries to a child.

Requiring parents, but not minor children, to abide by the general limitations period of RCW 4.16.080(2) is consistent with the objectives of the statutory limitations scheme. The purpose of a statute of limitation is "to compel prompt litigation." *Stenberg*, 104 Wn.2d at 721. It is reasonable to require a competent adult to take prompt action once they become aware of the basis for a legal claim. Doing so ensures a dispute will be resolved while evidence is accessible and memories are fresh. It also frees potential defendants of fears about "litigation unlimited by time." *Id*. But strict application of statutes of limitation is not always fair; not everyone is capable of promptly bringing suit. Minors and incapacitated persons are not legally competent to bring claims on their own behalf. *See* RCW 4.08.050-.060. For this reason, RCW 4.16.190 pauses, or "tolls," the statute of limitations until the injured person attains competency, so children and incapacitated persons can bring claims on their own behalf, if no one else has done so.

8

The tolling provision of RCW 4.16.190 is not premised on the theory that the injury to the child or disabled person does not occur until the child reaches majority or the person is no longer under disability. If that were true, then a cause of action on behalf of a minor or incapacitated person would be prohibited during the tolling period. But that is not the case. RCW 4.08.050-.060. Instead, RCW 4.16.190 is a protective measure designed to safeguard the rights of a minor child or disabled person whose parent or guardian fails to take timely action on their behalf. Because RCW 4.16.190 protects a minor or disabled person from a parent's or guardian's inaction, it cannot logically be read to permit a parent or guardian who has failed to take timely action to bootstrap their own otherwise untimely claim to the minor or disabled person's claim. We therefore affirm the trial court's dismissal of the claims of Glen and Becky Curtin.

*Proximate cause and special damages*

Because the trial court granted summary judgment to the Respondents as to the parents' claims and ruled that Jennifer Curtin lacked standing to assert a claim for pre-majority medical expenses, it never reached the merits of the Curtins' summary judgment motion regarding proximate cause and special damages. Consequently, as a court of appellate review, we decline to address this issue. We instead remand for further proceedings in the trial court for a resolution on the merits.

9

CONCLUSION

The trial court's summary judgment dismissal of the claims of Glen and Becky Curtin is affirmed. We reverse the denial of the motion for summary judgment on proximate cause and special damages as it relates to Jennifer Curtin. This matter is remanded for further proceedings consistent with the terms of this decision.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

10