[No. 12567. Department One. September 8, 1915.]

J. O. PUGSLEY *et al.*, *Respondents*, v. L. J. STEBBINS *et al.*, *Appellants*.[1]

APPEAL—REVIEW—NEW TRIAL. The discretion of the trial court in granting a new trial will not be reviewed upon appeal except for misconception of the law.

PLEADINGS—JUDGMENT ON PLEADINGS—REPLY—ISSUES. Judgment on the pleadings is erroneous where the reply to a plea of former adjudication set up new matter avoiding the plea and there were issuable facts for the jury.

NEW TRIAL—RIGHT TO—ERROR OF LAW. Where the trial court erroneously granted judgment on the pleadings, it may correct the error by granting a motion for new trial.

Appeal from an order of the superior court for Spokane county, Kennan, J., entered September 5, 1914, granting a new trial, after a judgment on the pleadings in favor of the defendants, in an action to quiet title. Affirmed.

*John M. Gleeson*, for appellants.

*Caleb Jones*, for respondents.

[1]Reported in 151 Pac. 501.

HOLCOMB, J.—Appeal from an order granting a new trial, upon the ground of error in granting defendants' motion for judgment on the pleadings and vacating and setting aside the judgment for defendants upon the pleadings. This brings before us for review the question of whether the new trial was granted upon a misconception of the law by the trial court. Otherwise we will not interfere with the discretion of the trial court in granting a new trial.

On December 11, 1913, respondents brought this action under the statutes relating to actions for possession and quieting title to real property. Rem. & Bal. Code, § 785 (P. C. 81 § 1335). It was originally instituted against Samuel Glenn and wife, who were alleged to be then in possession. Glenn and wife answered, admitting that they were in possession, not in their own right, but claiming under Stebbins and wife, and disclaiming any interest in themselves. Appellants applied to be substituted as defendants, and that was granted by the court. Appellants then answered with denials, and also an affirmative defense, and by way of plea of *res adjudicata*, set forth the original contract of purchase from respondents; alleged the construction by appellants of a house on the lands of the value of $6,000; alleged the payment by them on the contract of purchase of $2,500, and tendered what they alleged to be the remainder of the purchase money, and demanded deed.

They further alleged that, whereas, the contract of sale contracted to sell ten acres at $420 per acre, when in truth the tract contained but nine and a half acres, and that appellants believed and relied upon the representations that there were ten acres; that, upon their subsequent discovery of the shortage of one-half acre, appellants tendered the remaining amount due at $420 per acre for the correct acreage, and interest on that amount, which respondents refused. Appellants further alleged a former judgment of the superior court of Washington for Spokane county between the same parties as *res adjudicata* of all the issues and rights

of respondents, which judgment was rendered on October 21, 1913, after a trial upon the facts. The pleadings in that case are also set forth as exhibits. Those pleadings show an action for possession against appellants begun April 1, 1913, upon an election to forfeit the same contract for alleged defaults occurring prior thereto, the setting up of the same affirmative defenses by appellants, the reply thereto by respondents, the trial of the issues thereon in the same court on October 17 to 20, 1913, the judgment therein denying to both respondents and the appellants of any affirmative relief upon the issues therein.

To these affirmative defenses, respondents herein replied, denying each and every affirmative allegation alleged in appellants' answer, except the contract of sale set forth, certain payments, and the affirmative allegations setting up the former proceedings and judgment. Their reply also set up the contract, alleged respondents' full performance, alleged violation by appellants of certain provisions of the contract by removing certain buildings, structures and trees from the premises; alleged the failure of appellants to pay certain specified installments of principal, the interest, and included certain installments falling due after the bringing of the first suit. They also alleged in their reply the giving of notice on October 23, 1913, after the termination of the first suit, of notice and demand for payment, their election to forfeit in case of failure, and the giving on November 28, 1913, of notice to surrender the premises.

It is the contention of appellants that the judgment in the first action finally and completely settled the matters involved, and was, and is, a final and complete adjudication so far as this action is concerned. Nevertheless, the plea of former adjudication is an issuable fact. "The identity of the two causes of action is a question of fact for the jury, to be determined by them upon the evidence." 9 Ency. Plead. & Prac., 624. Whenever there are any facts which will avoid the plea, they should be set up by a reply to the

plea.' 9 Ency. Plead. & Prac., 627. This the respondents did. One of their affirmative matters in reply tended to set up new matter avoiding the plea of former adjudication.

"It is only in cases where no reply whatever has been filed to the affirmative matter in the answer that judgment on the pleadings is authorized by the code, and not where a reply has actually been filed and found to be insufficient in law." *Davis v. Ford*, 15 Wash. 107, 45 Pac. 739, 46 Pac. 393.

Regardless, therefore, of whether the reply of respondents was sufficient in law, the court should not have granted judgment on the pleadings. There are also issuable facts presented by the pleadings in the case requiring examination and determination as such.

The trial court took the opportunity presented by the motion for new trial to correct his own error, as was its duty and right. We find no error therein, and there is no present excuse for discussing or determining the substantive law involved, or the further questions discussed by counsel.

The order granting new trial is affirmed.

Morris, C. J., Mount, Main, and Chadwick, JJ., concur.