[No. 13891. Department One. October 19, 1917.]

J. O. PUGSLEY et al., *Respondents*, v. SAM GLENN et al., *Appellants*.[1]

JUDGMENT—RES ADJUDICATA—IDENTITY OF ISSUES. Judgment dismissing on the merits an action by a vendor to recover the land after declaration of forfeiture and election to rescind the contract for default in payments due on the contract, is *res judicata* and a bar to a second action by the vendor in ejectment to recover the land, in which, defendant having pleaded the contract, the plaintiff replied setting up a second notice of forfeiture and cancellation of the contract for the vendee's breach by the removal of buildings, structures, and trees, presenting an issue of fact not litigated in the former action, where, at the trial of the second action, no evidence on such new issue was offered to support the reply, leaving the issues actually tried the same as they had been in the former action.

VENDOR AND PURCHASER—RESCISSION BY VENDOR—ACTIONS—CONCLUSIVENESS OF JUDGMENT. Where a vendor's action to recover land after declaration of forfeiture for nonpayment of installments due was dismissed on the merits and the defendant was denied any relief upon his cross-complaint for a reformation of the contract on account of fraud and an alleged shortage of the land, and no appeal was taken, the judgment foreclosed plaintiff's right to declare a forfeiture of the contract, and also defendant's right to insist upon a shortage in the tract, leaving as plaintiff's remedy an action on the contract for the amount due according to its terms.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered April 12, 1916, upon the verdict of a jury rendered in favor of the plaintiffs by direction of the court, in an action in ejectment. Reversed.

*John M. Gleeson*, for appellants.

*Caleb Jones*, for respondents.

WEBSTER, J.—This is an action to recover possession of certain real estate in Spokane county which had been sold to defendants by plaintiffs under a forfeitable contract of sale, and to enforce the payment of damages for the alleged

[1]Reported in 168 Pac. 172.

unlawful detention thereof by defendants. Inasmuch as this case has been before the superior court of Spokane county on three occasions, and has been twice argued on appeal before this court, we shall endeavor to set out a brief history of the litigation from its inception up to and including this appeal, in order that the facts may be reviewed with that degree of clarity necessary to a correct determination of the issues involved.

On April 1, 1913, the plaintiffs, who are the vendors of the property, brought their first action to obtain possession thereof, alleging that they had sold the property to defendants under a contract of sale containing the usual forfeiture clause. They further alleged the refusal on the part of the defendants to pay the installments due, full performance of the contract on their own part, the service upon the defendants of a notice of forfeiture, and prayed judgment entitling them to possession of the premises. The answer traversed the material allegations of the complaint, admitted the contract of sale, alleged fraud on the part of the plaintiffs, in that the property in question had been represented to be a ten-acre tract, when, in truth and in fact, it contained less than nine and one-half acres; alleged tender of payment for the amount of land contained in the tract at the agreed price of $420 an acre, and prayed that the contract of sale be reformed to express the actual number of acres in the tract sold; that payment for that number of acres at the agreed price be permitted to be made by defendants, and that plaintiffs be ordered to convey the property to defendants by deed of general warranty. The plaintiffs, by reply, denied the allegations of fraud and tender. Under the issues thus presented, the case proceeded to trial, resulting in a judgment decreeing that plaintiffs take nothing by their action and that defendants be denied any affirmative relief.

Very soon after the entry of this judgment, plaintiffs served a second notice of forfeiture of the contract of sale and redemanded possession of the premises. Defendants re-

fused to vacate, and on December 10, 1913, plaintiffs commenced this action, alleging that defendants were wrongfully in possession of the property, and praying that they be ejected therefrom. In this connection it may be well to state that plaintiffs' second action was merely an action in ejectment, with no allegations of breach of contract on the part of the defendants, no allegation of their default in the payment of installments due, and no allegation of service of notice of forfeiture upon them. The defendants, by answer, denied the allegations of the complaint, and again affirmatively set out the contract of sale and the fraud of the plaintiffs in misrepresenting the number of acres in the tract of land, alleged tender of payment of the amount due for $9\frac{1}{2}$ acres of land, and pleaded the prior judgment as *res adjudicata* of the matters sought to be litigated in the second action. Plaintiffs, by reply, set out defendants' breach of contract by removing buildings and trees from the premises; default in the payment of installments due; the service of the second notice of forfeiture and to relinquish possession of the property, and defendants' refusal to do so. They prayed that the contract of sale be canceled and forfeited; that all sums paid as part of the purchase price of the property and all improvements made upon the same by defendants should, according to the terms of the agreement, be declared forfeited to the plaintiffs. The lower court, on motion, entered a judgment on the pleadings in favor of the defendants, but, on reconsideration of the matter, set aside the judgment and granted plaintiffs a new trial. Defendants appealed from this order.

In reviewing the case on appeal, this court held that, because of certain new matter set forth in the reply, namely, the removal by defendants of certain buildings, structures, and trees from the premises, the pleadings presented an issue of fact for the consideration of the jury, and that the judgment on the pleadings was properly set aside. See *Pugsley v. Stebbins*, 87 Wash. 187, 151 Pac. 501.

Upon the retrial of the cause, plaintiffs introduced testimony tending to prove title to the property in them. The contract of sale was introduced in evidence, and plaintiffs then proceeded, over defendants' objection, to prove the allegations of the reply, save that no testimony was offered tending to sustain the allegation that the defendants had removed buildings or trees from the premises. Plaintiffs also introduced the entire record in the first action. Defendants declined to introduce any evidence, and a peremptory instruction to return a verdict for the plaintiffs was given by the court.

The defendants have appealed, making twelve assignments of error, which may be resolved into the following contentions: (a) That there was a complete departure in the pleadings, and that the complaint in ejectment in the present action was a mere subterfuge, the intent being to cancel and forfeit the contract upon the grounds relied upon in the first action and set forth at length in the reply in this case. (b) That judgment in the first action was *res adjudicata* of the matters sought to be litigated in this suit.

In considering the assignments of error, we do not believe it necessary to enter into an exhaustive examination and discussion of the authorities cited in support of the contention that plaintiffs' reply contained matter which was inconsistent with and which bore no relation to the subject-matter of the complaint, or those dealing with the fundamental principles of the law of former adjudication. If it be assumed that the new matter set up in the reply constituted a departure from the cause of action alleged in the complaint, clearly, under numerous decisions of this court, the defendants' position is well taken and the case would have to be reversed. Upon the other hand, if we take the contrary view and assume that the reply should be treated in connection with the complaint and not as a departure from it, the plaintiffs, having failed to prove the allegations concerning the removal of buildings and trees from the land, have failed to

establish anything not fully considered and determined in the first action. The conclusion seems irresistible that the second action is identical with the first, and the doctrine of *res adjudicata* must of necessity be applied.

Respondents, however, contend that the notice of forfeiture and demand for possession of the premises, with which the defendants were served two days after the entry of the final judgment in the first action, constitutes a new basis of recovery which was not adjudicated in the first proceeding; that this notice was based upon the failure to pay installments falling due after the commencement of the first action. Upon an examination of the record we find that plaintiffs' first action was in ejectment, based upon allegations setting out the contract of sale and the breach thereof by defendants, and "that the plaintiffs did elect to rescind and cancel said agreement, and on the 10th day of March, 1913, served upon the defendants, and each of them, that notice herein marked plaintiff's exhibit B, which is hereto attached and made a part hereof." The notice is the usual one, demanding the payment of the installments of purchase price due or the vacation of the premises by the party in possession.

Clearly the first action was based upon the forfeiture of the contract by the defendants. In the second proceeding, plaintiffs brought an action in ejectment, but in their reply set out matters pertaining to the breach of the contract by the defendants, and prayed that the defendants be dispossessed and the contract of sale be declared canceled and forfeited. The only distinguishing feature of the two actions was the allegation in the reply in this case that the defendants had removed certain buildings and cut certain trees on the premises, in violation of their contract; but no evidence was offered in support of this allegation, and, therefore, the case now stands as if it had not been made. On the former appeal we held that, because of the new matter contained in the reply, an issue of fact as to the identity of the causes

of action was presented. We did not affirm that the rule of
*res adjudicata* should have been applied to the facts pre-
sented by this record, nor did we hold that it should not be.
We declared only that the record presented facts which
raised an issue for the jury. On the record in its present
state, there is no dispute as to the facts, and it becomes,
therefore, a question of law for the court whether the first
action is a bar to the second. It seems too plain to justify
lengthy discussion that it is, and that the plea of *res adjudi-
cata* must be sustained.

It is contended by the respondents that the first action was
dismissed on account of plaintiffs' failure to give proper no-
tice of forfeiture. But we are unable to find anything in the
record to sustain this position. It seems clear to us that the
court rendered a final judgment on the merits and denied
the prayer of the complaint because it would have been un-
conscionable and inequitable to do otherwise, in view of the
fact that $2,500 had been paid upon the contract and the
defendants had made extensive improvements upon the prop-
erty to an amount variously estimated to be from $2,500 to
$6,000, when the only difference between the parties was the
comparatively insignificant sum of $210, or the value of one-
half acre of land at $420 an acre. The court, in that action,
after hearing the evidence submitted, also denied defendants
any affirmative relief and refused to reform the contract, evi-
dently because the defendants had not sustained the allega-
tions of the answer to the effect that there was a shortage in
the land. This disposition of the case became final, neither
party having prosecuted an appeal. In this situation, we
are forced to conclude that plaintiffs' remedy is by an action,
not for the purpose of declaring a forfeiture of the contract
and to recover the possession of the land and the improve-
ments, but for the purpose of recovering a judgment for the
purchase price as provided in the contract, and to subject
the property to the satisfaction of the judgment.

The judgment in the former action foreclosed plaintiffs' right to declare a forfeiture of the contract, but did not affect their right to recover the agreed price for the land sold and to impress the land with a lien to secure its payment. The former judgment also foreclosed defendants' right to insist that the tract did not contain ten acres of land, and the basis of plaintiffs' recovery in the new action, if one should be instituted, will be the amount due under the contract according to its terms.

The judgment of the lower court is reversed, and the cause remanded with direction to dismiss the action, but without prejudice to plaintiffs' right to institute an action of the character herein suggested.

ELLIS, C. J., CHADWICK, MAIN, and MORRIS, JJ., concur.