[No. 15089.    Department One.    March 1, 1919.]

CHARLES FLESSHER, *Respondent*, v. CARSTENS PACKING
COMPANY, *Appellant*.[1]

APPEAL AND ERROR (428) — REVIEW — HARMLESS ERROR — PREJU-
DICIAL EFFECT.    It is not prejudicial error for the court to permit the
jury to determine an issue, where the court should have made the
same findings as a matter of law.

EVIDENCE (31)—BURDEN OF PROOF—PARTY ASSERTING FACT.    In a
parents' action for damages on account of medical attendance and
expenses in caring for a child, the defendant, having asserted that
such items had already been litigated, has the burden of proving
the fact.

DAMAGES (115)—EXCESSIVENESS—LOSS OF SERVICES.    A verdict for
$900, for loss of services of a child during minority is not excessive.

Appeal from a judgment of the superior court for
Kitsap county, French, J., entered February 1, 1918,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action in tort, after a trial on the
merits.    Affirmed.

*Kerr & McCord,* for appellant.

*Bryan & Garland* (*Marion Garland,* of counsel), for
respondent.

MACKINTOSH, J.—The daughter of the respondent,
it is alleged, was rendered sick by eating some dried
beef purchased from the appellant company, the beef
being unfit for food.    The respondent asked to re-
cover for medical services, the expense of care and
nursing for his daughter, and the loss of her services
during the period of her minority.    The answer, after
denying all the material allegations of the complaint,
contained the affirmative allegation that the respond-
ent, as guardian *ad litem* of his daughter, had thereto-

[1]Reported in 179 Pac. 100.

fore commenced an action in the Federal court for the same items of damage, and that a jury had returned a verdict in his favor, and alleged that the respondent, by reason of the former action, was estopped to maintain this one. The reply to this affirmative defense alleged that the damages on account of medical attendance and expense of care and nursing were not involved in the Federal court case, and that that case involved only damages for loss of services. A motion having been made for judgment on the pleadings, judgment was entered dismissing the action, from which an appeal was taken to this court, where the action of the lower court was reversed. *Flessher v. Carstens Packing. Co.*, 96 Wash. 505, 165 Pac. 397.

In the former appeal, the question was determined as to whether "in the action tried in the Federal court there were included the items of medical treatment and care or nursing," and we held that, so far as the pleadings were concerned, "the items of medical attendance and expenses for care and nursing were not included in the allegations of the complaint in the Federal court action and were *in no form litigated in that action*"; and held that, when a minor is injured, "two causes of action arise, in favor of the minor for pain and suffering and permanent injuries, and the other in favor of the parent for loss of services during minority and expenses of treatment. These actions may be joined or tried separately." And that, where the minor is injured and action is brought by the parent as guardian *ad litem,* and in that action recovery is sought, or there are litigated items of damage which belong to the parent, a subsequent action cannot be waged by the parent for the same items, and the parent is estopped from subsequently recover-

ing therefor; and that the respondent in this action, when he sued as guardian *ad litem* for his minor daughter and included in that action the items of loss of services, it was an item for which he could have recovered in a direct action himself, but that he did not include in the Federal court action the items for expenses for medical attendance, care and nursing, and was not estopped from maintaining the present action.

When the case was remitted to the superior court, it proceeded to trial and the jury returned a verdict in favor of respondent, upon which judgment was entered, and from it this appeal was taken.

The appellant asserts its right to have had a judgment notwithstanding the verdict, claiming that the burden of proof was upon the plaintiff to prove that the damages claimed in this action were not litigated in the action tried in the Federal court, and that it was the duty of the court, rather than the jury, to pass on the sufficiency of the testimony introduced in regard to this question. Assuming that this latter claim is correct, it would avail the appellant nothing; for, under the testimony of the case, the court would have been compelled to have determined, as a matter of law, that the items sought to be recovered in this action were not litigated in the Federal court action, and to have so instructed the jury; and certainly the appellant cannot claim any prejudice from the fact that the court, instead of so instructing the jury, allowed the jury to determine, as a matter of fact, whether the same claims were involved in both actions. If there were an error it was in the appellant's favor.

The contention as to where rested the burden of proof is answerable by a reference to the pleadings;

the burden remains where it was placed by the pleaders. The appellant, having asserted that the items involved in this action had already been in litigation in the Federal court, had the burden of proving that allegation. The matter set up in reply to the appellant's affirmative defense amounted to no more than a general denial.

Objection is made to the verdict because the appellant is not satisfied that the damages were proved to have followed from the injury. The testimony, however, shows us that it was ample on which the jury could have based its verdict.

It is also claimed that the verdict is so excessive that it shows the result of prejudice and passion, and was assessed upon an erroneous basis. The verdict being for the sum of $900, it does not appear to us that there is merit in these contentions.

The other claims of error are equally without merit.

The judgment is affirmed.

CHADWICK, C. J., TOLMAN, MITCHELL, and MAIN, JJ., concur.