[No. 26178. Department One. June 17, 1936.]

GEORGE E. LARGE, *Appellant*, v. EDNA R. SHIVELY, *Respondent*.[1]

*Revelle, Revelle & Kells,* for appellant.

*J. W. Graham,* for respondent.

STEINERT, J.—This action arises out of a controversy over the title to certain lands fronting on Hood Canal. The complaint set forth two causes of action. The first cause proceeded upon the theory that, considering the lands as comprising two tracts adjoining each other at their easterly and westerly ends, respectively, the boundary line between them had become obscure and uncertain, resulting in a dispute between the respective owners, in consequence of which the complaint sought a decree directing that the exact boundary line be erected, established and properly marked. The sec-

[1]Reported in 58 P. (2d) 808.

ond cause of action, pleaded as an alternative cause, was based upon the alleged false and fraudulent representations previously made by the defendant to the plaintiff concerning the true boundary line, and the complaint in that respect sought to have defendant estopped from asserting the boundary line to be other than as represented by her. Upon a trial before the court, an order was entered dismissing the action with prejudice. The plaintiff has appealed.

The trial court disposed of the case solely upon the ground of *res judicata,* and the only question before us is whether or not the court was correct in that particular ruling. The answer to the question depends entirely upon the issues made by the pleadings and upon certain statements made by appellant's counsel in the course of the trial. So far as this appeal is concerned, the essential facts are, therefore, to be determined by reference to, and an analysis of, the pleadings and counsel's statements.

We consider first the pleadings. In the first cause of action, the complaint alleged that the appellant was the sole owner of a certain government lot situated in Mason county, and that respondent was, at the same time, the holder of a contract for the purchase, from the state, of the second-class tidelands in front of, and adjacent to, the lot. It was further alleged that the exact boundary line between the two tracts had become obscure and uncertain; that on the easterly portion of appellant's land were two structures, but that respondent was asserting that these structures were not located on the land of appellant; and that the parties could not agree upon and fix the boundary line between their respective properties, or agree upon the ownership of the structures located thereon. Thus far, the issues were simply whether the boundary line between the two tracts of land was obscure and uncer-

tain and whether the structures above referred to were located on appellant's land.

In the second cause of action, the complaint went more into detail, setting forth the history of the respective ownerships. This cause of action was expressly predicated upon the contingency of a holding by the court, in the first cause of action, adversely to appellant, that the true boundary line between the properties was west of the meander line of Hood Canal.

The substance of the second cause of action, as pleaded, is as follows: In August, 1929, certain persons, then owning the government lot, described as lot one, section one, township twenty-two north, range four west, W. M., situated in Mason county, Washington, entered into a real estate contract to sell the same to respondent and her husband. The vendors in the contract reserved the right to mortgage the property, and the vendees agreed to make certain improvements thereon in the way of buildings of a value of not less than four thousand dollars, and to join with the vendors in the execution of the mortgage.

On October 14, 1929, the vendors and vendees in the contract executed and delivered to appellant their promissory note in the sum of forty-two hundred dollars, secured by a mortgage on the real property. The appellant was induced to make the loan by reason of representations on the part of the mortgagors, including respondent herein, to the effect that a dance hall then under construction by the respondent and her husband was being erected on the property to be mortgaged. It was further understood and agreed among the parties that the mortgagors would keep the property insured and would pay all materialmen's and mechanics' bills incurred, so that appellant's mortgage would be a first lien upon the structure and the land upon which it was situated. It was also represented

to appellant that the land, consisting of eight or ten acres, included the waterfront extending eastwardly to the meander line of Hood Canal.

The Olympic highway extends northerly and southerly through the eastern portion of the property, the land lying east of the highway, toward Hood Canal, being much more valuable than that lying west of the highway.

As the result of certain litigation between the vendors and vendees, the contract above mentioned was subsequently cancelled, and the interest of the respondent and her husband in the land was extinguished.

In August, 1933, appellant instituted foreclosure proceedings, in Mason county, on his mortgage, and, pursuant to the decree entered therein, the land was sold to appellant under special execution, a certificate of purchase being issued to him on October 27, 1934.

During all of the time to which we have, up to this point, referred, appellant believed, and relied upon, the representations that had been made to him concerning the boundaries of the land.

Thereafter, on December 18, 1934, respondent entered into a contract with the state of Washington to purchase from the state all tidelands of the second-class situate in front of, adjacent to, or abutting on the above described lot, and respondent now claims that the tidelands being purchased by her extend far to the west of the meander line of Hood Canal and that the improvements are upon the tidelands and not upon the land covered by appellant's mortgage.

The complaint further alleges that, if the land covered by appellant's mortgage does not extend to the meander line and does not include the land upon which the improvements are situated, then the representations made by respondent, which induced appellant to

enter into the mortgage transaction, were false and constitute a fraud upon appellant.

A demurrer to the complaint was overruled. Respondent then filed an answer in which the allegations of the first cause of action of the complaint were denied. As to the second cause of action, the answer admitted the execution of the real estate contract of August, 1929, between the respondent and her vendors, and its subsequent cancellation. It also admitted that appellant's mortgage was foreclosed and that appellant had become the purchaser of the land described therein. It further admitted the subsequent execution of the contract of December 18, 1934, for the purchase of the tidelands by the respondent from the state. The answer, however, denied that respondent had ever made any representations to appellant, false or otherwise, relative to the lands, or that appellant had ever relied on any representations made by her, denied all charges of fraud, and denied that the tidelands or improvements thereon were ever a part of the land covered by appellant's mortgage.

By way of an affirmative defense, the answer set forth, among other things, two former actions, which respondent pleaded as *res judicata* of the present action.

The first of these former actions pleaded was the suit brought in Mason county, being cause No. 2780, by respondent's vendors against her for the cancellation of her original contract. Respondent alleged that, in that action, the court had found and decreed that respondent's vendors had misrepresented to her the boundaries of the land covered by her contract; and that, contrary to the representations made to respondent, so much of the lands as lay east of the Olympic highway were tidelands then belonging to the state of Washington. She further alleged in her affirmative

defense that the Olympic highway formed the eastern boundary of the land described in her contract and in appellant's mortgage, and that the improvements were located on state land. In reply, appellant admitted the bringing of that action but denied all the other allegations made by respondent with respect thereto.

With reference to the other former action pleaded by respondent, the affirmative defense in the answer alleged:

"IV. That on or about the 1st of January, 1934, the plaintiff herein [appellant] commenced an action in the superior court of the state of Washington for Thurston county, against the defendant herein [respondent] and others being cause No. 15289, which said action was based upon the same facts alleged in the complaint in the action at bar and in which action the plaintiff therein sought the same relief as he now seeks in this action, and that said Thurston county action was decided against the plaintiff in both the superior and supreme courts, and constitutes *res adjudicata* in this pending action."

The reply thereto was as follows:

"With respect to Paragraph IV. of the said affirmative defense admits that on or about the 1st of January, 1934, the plaintiff herein commenced an action in the superior court of the state of Washington for Thurston county against the defendant herein, being cause No. 15289, and admits that the said Thurston county action was decided against the plaintiff in both the superior and the supreme courts, but denies each and every other allegation, implication and averment contained in the said paragraph."

Summarizing the pleadings, we note the following features: (1) The allegations in appellant's first cause of action and the denials thereof raised an issue of fact concerning the obscurity and uncertainty of the boundary line; (2) the allegations in appellant's second cause of action and the denials thereof raised an

issue of fact relative to fraud; (3) the allegations of the affirmative defense relative to the questions decided in cause No. 2780, in Mason county, were denied in the reply, thereby raising an issue of fact, and, moreover, the appellant herein was not a party to that action; (4) the allegations of the affirmative defense with respect to the facts involved and the relief sought in cause No. 15289, in Thurston county, were denied in the reply, thereby raising an issue of fact.

We will next consider the statements made by appellant's counsel upon the trial. In his opening remarks, counsel stated to the court that the proceeding was one to establish a boundary line that had become uncertain; that the question was how far east the eastern boundary line was; that appellant was contending that the meander line formed the eastern boundary, while respondent was contending that the Olympic highway formed the eastern boundary. At that point in counsel's statement, respondent's counsel suggested that, in order to conserve time, the questions of law involved in the case should be argued before the taking of testimony. He conceded, however, that in order to do this, it would be necessary for both counsel to stipulate certain facts, particularly with reference to the proceedings had in the two former actions which had been pleaded in respondent's affirmative defense. Counsel for appellant declined to stipulate, and the court thereupon ruled that the case should proceed in the regular way.

During the examination of appellant's first witness, appellant's counsel sought to prove by him that respondent had pointed out and represented to the witness, as the agent for appellant, the boundaries of the land, with the view of securing the loan on the property. Respondent's counsel thereupon interrupted, asserting that the matter sought to be elicited had been

determined in the Thurston county action, cause No. 15289, and that the judgment therein had been affirmed by this court. After some colloquy between the court and respective counsel, the court ruled, over appellant's objection, that it would determine the law questions involved before proceeding further with the evidence.

Respondent's counsel then endeavored to introduce in evidence, or, rather, to submit to the court, certain portions of the proceedings in the two former actions. The court declined to receive the evidence, but, at the same time, stated that the decisions in those cases were available to it for the purpose of ruling on the demurrer as originally filed or as being then reconsidered. Pursuant to its ruling, the court entered the order appealed from, which, as already stated, is rested wholly on the question of *res judicata.*

In our opinion, the court was in error in its ruling and in making the subsequent order.

■ The defense of *res judicata* is an affirmative defense and must be pleaded and proved. *Wood v. Earls,* 39 Wash. 21, 80 Pac. 837; *Russell v. Mutual Lumber Co.,* 134 Wash. 508, 236 Pac. 96. When the defense of *res judicata* is pleaded and there is a denial thereof by reply, an issue of fact is presented which must be determined by the evidence thereon. *Pugsley v. Stebbins,* 87 Wash. 187, 151 Pac. 501; *Flessher v. Carstens Packing Co.,* 96 Wash. 505, 165 Pac. 397; *Flessher v. Carstens Packing Co.,* 105 Wash. 694, 179 Pac. 100.

■ With respect to the former action brought in Mason county, cause No. 2780, it is sufficient to say that the appellant herein was not a party, or privy, to that action and, therefore, was not bound by the judgment therein. A judgment in an action is not *res judicata* as to persons not parties, actually or by privity. *Northern Pacific R. Co. v. Snohomish County,*

101 Wash. 686, 172 Pac. 878; *Sanders v. Sheets,* 142 Wash. 155, 252 Pac. 531.

With respect to the former action brought in Thurston county, cause No. 15289, its scope and effect were not established by proof or admission in the present action. Although respondent alleged that it involved the same facts as were involved in this action and that the appellant had sought the same relief in that action as he now seeks in this, those allegations were denied by the appellant in his reply. Neither the trial court nor the appellate court can judicially notice the record in another cause, even though between the same parties and in the same court, unless such record is both pleaded and proved. *Lownsdale v. Grays Harbor Boom Co.,* 54 Wash. 542, 103 Pac. 833; *Pacific Iron & Steel Works v. Goerig,* 55 Wash. 149, 104 Pac. 151; *Merrick v. Neely,* 143 Wash. 588, 255 Pac. 936. It may be observed, also, that the present action was brought in Mason county, while the other action just referred to was brought in Thurston county.

It may well be that the Thurston county action does, as a matter of fact and of law, dispose of this case. Undoubtedly, that question would be open to respondent at a proper stage of the proceedings. But, until the proof necessary to establish the result and effect of that action had been properly presented, the court could not, by anticipation, consider that case in ruling on the question of *res judicata.*

The judgment is reversed, with direction to the trial court to proceed in accordance with the views herein expressed.

MILLARD, C. J., MITCHELL, TOLMAN, and GERAGHTY, JJ., concur.