[No. 28503. Department One. March 4, 1942.]

GEORGE LAFRAY, *Appellant*, v. THE CITY OF SEATTLE *et al.*, *Respondents*.[1]

[1]Reported in 123 P. (2d) 345.

A. J. Westberg, F. B. Fite, Jr., Elvin P. Carney, and George V. Powell, for appellant.

A. C. Van Soelen and J. Ambler Newton, for respondents.

STEINERT, J.—Plaintiff, a taxpayer of the city of Seattle, instituted suit against the city and its fiscal officers to nullify a judgment previously rendered in a condemnation proceeding brought by the city against certain persons, none of whom is a party to this action; he also seeks thereby to invalidate an ordinance and an accompanying agreement which, it is alleged, the city latterly had adopted and authorized for the purpose of satisfying the awards made in the condemnation proceeding; and finally, he asks that the city and its officers be restrained from paying any part of the condemnation judgment as contemplated by the ordinance and agreement. Upon a trial by the court, the action was dismissed, and from the judgment of dismissal the plaintiff has appealed.

The facts of the case, so far as the litigants herein are concerned, are not in dispute. In accordance with legally prescribed procedure, the city of Seattle on May 28, 1936, adopted an ordinance establishing a public street to be known as Armory way and providing for the condemnation of the necessary land. Pursuant to that ordinance, the city commenced a condemnation proceeding for the acquisition of such property, and on July 7, 1939, a judgment was entered in that cause confirming a series of verdicts or awards by the jury, totalling approximately $176,000, in favor of the landowners named as respondents therein.

Rem. Rev. Stat., § 9274 [P. C. § 7603], relating to eminent domain proceedings instituted by a city, provides that, at any time within six months from the date of rendition of the last judgment awarding compensation for such improvement, and before making payment or proceeding with the improvement, the city may, by ordinance passed for that purpose, discontinue the proceedings by paying the amount of all taxable costs incurred by the parties up to that time. Under the terms of the statute, the time allowed for the discontinuance of the particular eminent domain proceeding here involved expired on January 7, 1940. The city did not avail itself of the statutory privilege of abandoning the proceedings, nor did it pay to the landowners, or deposit in court, the amount of the condemnation awards. Such payment or deposit would have been necessary, under Rem. Rev. Stat., §§ 9230, 9231 [P. C. §§ 7560, 7561], before the city could have become entitled to a court order authorizing it to take possession of the lands condemned, and before title to such property in fee simple could have vested in the city. On the other hand, the landowners did not at any time prior to the commencement of this action attempt to collect their respective awards by obtaining certified transcripts of the docket of judgment and presenting them to the city comptroller in exchange for warrants drawn on the city treasurer, which is the regular procedure outlined in Rem. Rev. Stat., § 953 [P. C. § 8396].

At the time of the commencement of the condemnation proceeding, the city of Seattle was, and ever since has been, indebted in excess of its constitutional and statutory debt limit as fixed by Art. VIII, § 6, of the state constitution and by Rem. Rev. Stat., § 5605 [P. C. § 5400], and §§ 9532 to 9534 [P. C. §§ 5440 to 5442].

Faced with the situation just described, the city council of Seattle on January 15, 1940, passed two ordinances. The first contained, among other matters, a recital to the effect that the landowners, respondents in the condemnation suit, had been requested to sign an agreement to accept compensation for the property condemned, in five equal annual installments beginning March 1, 1941. The second ordinance directed that the agreements executed by the landowners, in accordance with a form attached as an exhibit to the ordinance, be accepted by the city. The agreement thus attached, however, recited that one of the considerations therefor was that it, or a similar agreement, should be signed by all the landowners named in the condemnation proceeding. A majority of the landowners signed such agreements, but some of them did not. Shortly after the passage of the two ordinances, appellant commenced this action.

Appellant contends that the judgment in the condemnation proceeding and the subsequent agreements between the city and the landowners created an indebtedness of the city, and that therefore both the judgment and the ordinance accepting such agreements are void because the debt so created is in excess of the constitutional and statutory limitations referred to above. Respondents contend that no indebtedness was created either by the judgment or by the negotiations between the city and the landowners, and that therefore the constitutional and statutory provisions relied on by appellant have no application here. We have set forth these contentions, not for the purpose of deciding the issues thereby presented, but rather for the purpose of making clear our reasons for not deciding them.

As already indicated, the only parties involved in this case are the appellant, suing as a taxpayer and

on behalf of others similarly situated, and the city of Seattle and its fiscal officers. The landowners who were involved in the condemnation proceeding have not been made parties to this action, nor are they in privity with any party thereto. If anything, their status is that of persons having interests adverse to all parties to this action. The jury's awards in the condemnation proceeding and the judgment confirming them provided for compensation to these landowners for property taken or damaged by the city in laying out the proposed street. They are therefore entitled to be heard in any controversy in which those awards and that judgment are attacked. They are also entitled to be heard in any controversy in which the validity of the agreements and the ordinance accepting them is either asserted or assailed. They are, moreover, entitled to litigate the question as to whether, in any event, their rights under the judgment are at all affected by the agreements, since it appears that the agreements were not signed by all of them. Furthermore, inasmuch as the landowners have not received the compensation awarded them by the condemnation judgment, they are entitled to raise the question of whether or not they have the right to have their lands restored to them and their title quieted against the cloud of that judgment. Other questions, both factual and legal, may be involved, upon which the landowners have the right to be heard before the judgment or the ordinance may be declared null and void.

The very purpose of the present action is to prevent the city from paying out money or taking any other steps on the strength of the judgment, the ordinance, or the agreements. Unless all the parties who have a vital interest in those matters are brought before the court, its judgment thereon would not be binding upon those not joined. And in this instance,

if the landowners are not bound by the judgment as between appellant and respondents, then that judgment cannot fully and finally adjudicate the issues presented here, regardless of what our present views with reference thereto might be. A judgment binds only those who are parties to the action in which it is rendered or those who are in privity with such parties, and it does not affect those who are strangers to it. *Stallcup v. Tacoma,* 13 Wash. 141, 42 Pac. 541, 52 Am. St. 25; *Schmidt v. Olympia Light & Power Co.,* 46 Wash. 360, 90 Pac. 212; *State ex rel. McConihe v. Steiner,* 58 Wash. 578, 109 Pac. 57; *Spokane Merchants Ass'n v. Mussellman,* 134 Wash. 116, 234 Pac. 1033; *Lewis v. Kujawa,* 158 Wash. 607, 291 Pac. 1105; *Large v. Shively,* 186 Wash. 490, 58 P. (2d) 808; *State ex rel. Lidral v. Superior Court,* 198 Wash. 610, 89 P. (2d) 501; 30 Am. Jur. 951, 954, Judgments, §§ 220, 222.

There would be no point in our deciding this case as between a taxpayer and the city when the very same questions would remain open and litigable at the suit of the landowners. For the reasons hereinabove given, the cause will be remanded to the superior court for further proceedings in accordance with the views herein expressed.

Robinson, C. J., Main, and Driver, JJ., concur.

Millard, J. (dissenting)—I deem the contingent liability one within the ban—the spirit at least—of the constitutional provision (state constitution, Art. VIII, § 6), and am of the view that a taxpayer may invoke that provision to prevent taxing unit from increasing indebtedness as was here attempted and will be effectuated by technical interpretation of majority. I dissent.